MEMORANDUM OPINION




No. 04-02-00695-CV



Artemio TREVINO,


Appellant



v.



FRIO COUNTY, Dilley Independent School District,

The City of Dilley, and Dilley Independent School District,

as Successor in Interest to the Frio-McMullen County Education District No. 17

Appellees



From the 218th Judicial District Court, Frio County, Texas


Trial Court No. 99-06-00186-CVF


Honorable Olin B. Strauss, Judge Presiding (1)



Opinion by: Karen Angelini, Justice

Concurring opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 3, 2004


AFFIRMED

 In 1994, Appellee Frio County filed a delinquent tax suit against Marshall L. Gaines for
nonpayment of property taxes. Appellees Dilley Independent School District, the City of Dilley, and
Dilley Independent School District, as Successor in Interest to the Frio-McMullen County Education
District No. 17, entered the suit as intervenors. Later that year, the trial court granted judgment in
favor of appellees, foreclosing the tax liens against the property. After notice of sale was properly
published, a sheriff's sale was held. At the sheriff's sale, Appellant Artemio Trevino bought the
property for $6,600.00.

 Trevino later learned that MECO Federal Credit Union ("MECO") was a lien-holder on the
property, but had not been joined as a party to the delinquent tax suit. MECO foreclosed on its lien.
In response, Trevino filed a trespass to try title action, seeking a declaration that he, not MECO,
possessed title to the property. MECO moved for summary judgment, arguing that the judgment
foreclosing the tax liens was defective because MECO, a lien-holder, had not been joined as a party
to the delinquent tax suit. And, as such, the tax sale and sheriff's deed were void. The trial court
granted MECO's motion for summary judgment, finding that the judgment foreclosing the tax liens
was defective because not all interested parties had been joined in the delinquent tax suit. The trial
court entered judgment, awarding MECO title to the property.

 Trevino then filed the underlying lawsuit, seeking reimbursement from appellees in the
amount of $6,600.00. After a bench trial, the trial court ruled in favor of appellees, ordering that
Trevino take nothing.

 In his first issue, Trevino argues that the trial court "erred in failing to award [him] the
$6,600.00 [he] paid for the property at the delinquent tax sale." According to Trevino, if we allow
"the ruling of the trial court to stand it will result in an unjust enrichment at the expense of
[Trevino]." Trevino emphasizes that his complaint centers on appellees being unjustly enriched.
Trevino, however, failed to allege unjust enrichment in his original petition. Seven days before trial,
Trevino filed his "First Amended Original Petition," which stated the following: "To allow the
Defendants to retain the aforementioned $6,600.00 would amount to unjust enrichment." This
statement was not contained within Trevino's original petition. On the day of trial, counsel for
appellees stated, "The first thing I'd like to say is that plaintiff's original petition was amended. I
have not seen a copy of it." In response, Trevino's attorney withdrew the amended petition: "Well,
I'll go with the pleadings before it [was] amended, Judge. He has a copy of it, Judge." Once Trevino
withdrew his amended petition, he no longer had a petition on file that stated a claim for unjust
enrichment. (2) See Tex. R. Civ. P. 45, 47. As Trevino had not pled a claim for unjust enrichment, the
trial court could not have erred in failing to grant Trevino relief on an unjust enrichment theory of
recovery. We, therefore, overrule Trevino's first issue.

 In his second issue, Trevino argues that the "trial court erred in its judgment in this cause
because in so doing allowed the verdict in the trespass to try title case and this case to be totally
inconsistent." Trevino sets out the following argument in support:

 The problem here is that if they Appellant [sic] pays his money to the Appellees and
if he is not allowed title to the property he at the very least should be refunded his
money, in this case $6,600.00, from the Appellees. The two judgments are
inconsistent. Judge Saxon hit the nail on the head when she said,


 Don't you see a problem that an individual that has a piece of
property with a big old mortgage on it, y'all don't join in the
mortgage holder - and this wasn't something really obscure. This was
something on file among the deed records here in the county. You
don't join that mortgage holder in your suit, you take the property by
tax sale alleging that everybody who has any interest in the property
has been served, okay, you take a judgment and then you sell it to
somebody who doesn't have any idea there's something out there, and
then this lien holder comes in and takes the property, and has
basically just paid the taxes on property he doesn't have.

 We cannot find a legal argument contained within Trevino's discussion. Moreover, Trevino
fails to cite support for his assertion that the trial court erred in entering "inconsistent judgments."
Trevino has, therefore, improperly briefed this issue. See Tex. R. App. P. 38.1(h). As such, we
overrule it.

 Having overruled both of Trevino's issues, we affirm the judgment of the trial court. 


 Karen Angelini, Justice




1. The Honorable Olin B. Strauss signed the final judgment in this case. The Honorable Stella Saxon presided
over the bench trial.
2. Trevino does not claim that this issue was tried by consent. See Tex. R. Civ. P. 67.